IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JASON COLETTE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF ALASKA, CITY OF FAIRBANKS, ALASKA STATE TROOPERS, FAIRBANKS POLICE DEPARTMENT, PAUL EWERS, JESS CARSON, RONALD WALL, BRUCE BARNETT, ELIZABETH CRAIL, PATRICK COLE, JOHN DOE NOS. 1 and 2,<br>　　　　Defendants. | **RECEIVED**<br>JAN 1 4 2008<br>CLERK, U.S. DISTRICT COURT<br>ANCHORAGE, ALASKA<br><br>**COMPLAINT**<br><br>Case No. 3:08-CV-00005 JWS |

## COMPLAINT

COMES NOW, Plaintiff, JASON COLETTE, and for his complaint, alleges as follows:

1.Violation of 42 U.S.C. 1983: deprivation of plaintiff's rights, privileges, and immunities guaranteed Plaintiff by the Constitutions and laws of the United States and the State of Alaska,

2.Violation of 42 U.S.C. 1983: refusing or neglecting to prevent,

3.Malicious prosecution,

4.Malicious abuse of process,

5.Conspiracy,

6.Intentional infliction of emotional distress,

7.Destruction of the plaintiff's viable business.

### JURISDICTION

1.Jurisdiction of this court arises under 42 U.S.C. section 1983 and 1985.

## PARTIES

2. Plaintiff Jason Colette (hereinafter Colette) is and has been at all relevant times pertinent to this complaint a resident of the State of Alaska, and is the owner/operator of Arctic Alarm and Audio (hereinafter the Business).

3. Defendant State of Alaska (hereinafter the State) is and has been at all relevant times pertinent to this complaint, a State, organized under the laws of the United States of America. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendant Ronald J. Wall and Jess Carson at all times relevant to this Complaint.

4. Defendant City of Fairbanks (hereinafter the City) is and has been at all relevant times pertinent to this complaint, a Municipal Corporation, organized under the laws of the State of Alaska. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Patrick Cole, Bruce Barnett, Elizabeth Crail, and Paul Ewers at all times relevant to this Complaint.

5. Defendant Alaska State Troopers (hereinafter the Troopers) is and has been at all relevant times pertinent to this complaint, a public entity, charged with upholding public safety. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendants Ronald Wall and Jess Carson at all times relevant to this Complaint.

6. Defendant Fairbanks Police Department (hereinafter FPD) is and has been at all

relevant times pertinent to this complaint, a public entity, charged with upholding public safety. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Defendant Bruce Barnett at all times relevant to this Complaint.

7. Defendant Paul Ewers (hereinafter Ewers) is and has been at all relevant times pertinent to this complaint, a resident of the State of Alaska, and a duly-appointed attorney for the City of Fairbanks.

8. Defendant Elizabeth Crail (hereinafter Crail) is and has been at all relevant times pertinent to this complaint, a resident of the State of Alaska, and a duly-appointed attorney for the State of Alaska.

9. Defendant Patrick Cole (hereinafter Cole) is and has been at all relevant times pertinent to this complaint, a resident of the State of Alaska, and a duly-appointed attorney for the City of Fairbanks.

10. Defendant Ronald Wall (hereinafter Wall) is and has been at all relevant times pertinent to this complaint, a resident of the State of Alaska, and a duly-appointed police officer for the Troopers.

11. Defendant Jess Carson (hereinafter Carson) is and has been at all relevant times pertinent to this complaint, a resident of the State of Alaska, and a duly-appointed police officer for the Troopers.

12. Defendant Bruce Barnett (hereinafter Barnett) is and has been at all relevant times pertinent to this complaint, a resident of the State of Alaska, and a duly-appointed police officer for FPD.

13. Defendant John Does1 and 2 and others not presently known to the plaintiff were, at all times material to this Complaint, duly appointed FPD or the Troopers police officers of unknown rank.

14. Plaintiff sues all public employees in their official and individual capacities.

15. At all times material to this Complaint, all named Defendants acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State of Alaska, City of Fairbanks, District Attorney's Office, the Municipal Attorney's Office, Alaska State Troopers, and the Fairbanks Police Department.

## FACTS

16. On or about November 28, 2005, the defendants, through their agents, the Troopers and FPD, under the color of statute, applied for, and was granted, a search warrant for Arctic Alarm and Audio, 1915 Cushman Street, Fairbanks, Alaska.

17. Prior to obtaining the search warrant, the Defendant, Bruce Barnett, entered the Business and attempted to verbally intimidate Colette to the point of harassment. It was not until Colette challenged Barnett and ordered him off his property that Colette was placed under arrest and his Miranda rights were violated.

18. The defendants maintained control of Colette's personal property, causing the plaintiff to incur monetary losses daily through the loss of the Business while they attempted to discover evidence to support their illegal seizure.

19. The defendant, the City, filed a complaint in district court on December 2, 2005, announcing their intentions to seek forfeiture of Colette's property.

   a. The case against the Business was subsequently closed on or about December 5, 2005.

b.  On December 7, 2005, the City posted a forfeiture notice in the News Miner, the local paper in Fairbanks, Alaska.

c.  On or about December 9, 2005, the case against the Business was reopened and proceedings continued through May 2007.

20. On or about December 12, 2005, the City removed all property from the Business and entered it into its complete control, enabling the City to start an unfettered investigation of the alleged illegal activity at the Business.

21. Colette filed a timely objection to the forfeiture of his property, stating that the City had no grounds on which to forfeit his assets.

22. The defendants, while having supreme control over the records for the Business, did not once take steps to review the books–as they stated in open court they would do–to ascertain whether the business was a legitimate enterprise.

23. The defendants displayed gross negligence and impeded the pursuit of justice by maintaining absolute control of the business records and not having them reviewed by an accountant.

24. In April, 2007, the plaintiff demanded records from the Business for review by an independent forensic accountant.

25. Prior to turning over the business books, the defendant, the City, through its agent and co-defendant Ewers, dropped their forfeiture claim and the case was dismissed with prejudice.

**COUNT 1: VIOLATION OF 42 U.S.C. 1983 RIGHTS AND IMMUNITIES**

26. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. Acting under the color of law, the defendants violated the rights, privileges, and immunities guaranteed Plaintiff by the Constitution and laws of the United States and the Constitution and laws of the State of Alaska.

   a. The defendants engaged in the illegal seizure of Colette's personal property;

   b. The defendants denied Colette of his right to due process by failing to fully investigate their claims of illegal activity;

   c. The defendants impeded the pursuit of justice and the truth by not reviewing the Business books in a reasonable amount of time.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. As a result of the defendants' violations, the plaintiff was injured, his rights violated, and his business destroyed.

## COUNT 2: VIOLATION OF 42 U.S.C. 1983 REFUSING OR NEGLECTING TO PREVENT

28. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. At all times relevant to this Complaint, Defendants Wall, Barnett, and Carson as police officers of the Troopers and FPD were acting under the direction and control of Defendant State of Alaska, John Does, and Defendant City of Fairbanks.

30. Acting under color of law and pursuant to official policy or custom, the State, John Does, and the City knowingly, recklessly, or with gross negligence failed to instruct,

supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

    a.      unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

    b.      unlawfully and maliciously arresting, imprisoning and prosecuting the property of a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

    c.      conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Alaska; and

    d.      otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

31.      Defendants the State, Crail, Ewers, Cole, John Does and the City had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants the State, Crail, Ewers, Cole, John Does and the City had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

32.      Defendants the State, Crail, Ewers, Cole, John Does and the City directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

33.      As a direct and proximate cause of the negligent and intentional acts of

Defendants as set forth in paragraphs 28 - 32 above, Plaintiff suffered loss of income, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. As a result of the defendants' violations, the plaintiff was injured, his rights violated, and his business destroyed.

## COUNT 3: MALICIOUS PROSECUTION

34. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. Defendants instituted civil process against the plaintiff with malice:

   a. Carson, Barnett and Cole played an active part in the initiation of the civil proceedings;

   b. Wall, Carson, and Barnett played an indirect role by intimidating witnesses in an effort to coerce testimony to support their illegal seizure of Colette's property;

   c. Barnett and Carson played an active part in the initiation of the seizure by acting as the enforcer in the taking of Colette's property; and

   d. Patrick Cole signed the civil complaint against Colette's property;

   e. Paul Ewers actively pursued the legal procedures enacted to forfeit Colette's property;

   f. As a result of the defendants' malicious prosecution, Colette has expended

considerable financial and personal resources that, any reasonable minded person would find to be extreme.

36. The charges were not based upon probable cause, that is the state of the facts in the mind of the prosecutor would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Colette's property was guilty and subject to forfeiture

   a. Defendants Wall, Carson, and Barnett had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that Colette was running a legitimate business. Defendants Wall, Carson and Barnett had a duty to ascertain whether Colette was laundering money through his business;

   b. Defendants Wall, Carson, and Barnett breached their duty;

   c. Carson and Crail recklessly made categorical statements to the district magistrate, accusing the plaintiff laundering money through Arctic Alarm and Audio, and those statements resulted in Colette's property being subject to forfeiture.

37. The civil proceeding terminated in favor of Colette when Ewers recommended the dismissal of all charges against Colette's property and the court accepted the recommendation and dismissed the charges with prejudice.

38. Defendants the State, the City, the Troopers, and FPD are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Colette demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate. As a result of the defendants' violations, the plaintiff was injured, his rights violated, and his business destroyed.

## COUNT 4: MALICIOUS ABUSE OF PROCESS

39. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. Defendants maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

41. Ewers knew or should have known that the complaint was groundless and he sought to use the process for an ulterior purpose, including, but not limited to, the purpose of padding the municipal coffers in a time of a budget deficit.

42. Patrick Cole knew or should have known that the complaint he initiated was groundless.

43. Defendants the State and the City and the Troopers and FPD are liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff Colette demands judgment against all Defendants for injunctive relief and actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair, and appropriate. As a result of the defendants' violations, the plaintiff was injured, his rights violated, and his business destroyed.

## COUNT5: CONSPIRACY

44. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

45. As a result of their concerted unlawful and malicious conspiracy of Defendants Crail, Wall, Ewers, Cole, Carson, and Barnett, Colette was deprived of both his property without due process of law and his right to equal protection of the laws, and the due course of justice

was impeded, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

WHEREFORE, Plaintiff demands judgment for the conspiracy against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 6: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 45 above with the same force and effect as if herein set forth.

47. Defendants intentionally and deliberately inflicted emotional distress on Colette by maliciously prosecuting Colette's property, or by abusing the lawful process by unlawful purpose, or by violating Colette's constitutional rights, or by falsely arresting and imprisoning the plaintiff's property, by conspiring against Colette, or by interfering with Colette's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

48. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

49. The actions of the Defendants were the cause of Colette's distress.

50. Colette is a reasonable man.

51. The emotional distress sustained by Colette was severe and of a nature that no reasonable man could be expected to endure.

52. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and,

with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion,

53.     As a result of the Defendants' extreme and outrageous conduct, Colette has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment, including interest, jointly and severally against Defendants the State, the City, Ewers, Crail, Cole, Barnett, Wall, Carson, and Does in an amount deemed by this Court to be just and fair and in any other way in which the Court deems appropriate.

## COUNT 7: DESTRUCTION OF VIABLE BUSINESS

54.     Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 53 above with the same force and effect as if herein set forth.

55.     Defendants intentionally and deliberately caused the destruction of Colette's business.

56.     Defendants exhibited reckless disregard in their pursuit to forfeit plaintiff's property and failure to fully investigate the claims against him.

57.     Defendants knew or should have known that the Business was a legitimate and viable entity, if not for their gross negligence demonstrated in their investigation and handling of the civil case against Colette.

58.     As a result of the defendants' violations, the plaintiff was injured, his rights violated, and his business destroyed.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $1,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. As a result of the defendants' violations, the plaintiff was injured, his rights violated, and his business destroyed.

DATED this _____ day of January, 2008.

By: /s/ *for Jason Colette by POA*

Jason Colette, Pro Se



U.S. POSTAGE
PAID
PALMER, AK
99645
JAN 11, '08
AMOUNT
$1.31
00048152-08



99513



0000

Sean & Rachel Colette
701 N Marcell Loop
Palmer, AK 99645-8930

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
222 West 7th Avenue #4
Anchorage, Alaska 99513-7564